## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:15CV412-FDW-DSC

| | | |
|---|---|---|
| PUSHPA PATEL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | **OF REMAND** |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and "… Memorandum in Support ..." (document #9), both filed January 4, 2016, and Defendant's "Motion for Summary Judgment" (document #10) and "Memorandum … in Support ..." (document #11), both filed February 11, 2016.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition. [1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1]Pursuant to the Text-Only Social Security Scheduling Order entered on November 2, 2015, Plaintiff was entitled to file a response brief on or before February 29, 2016.  Plaintiff did not file a response.

# I. PROCEDURAL HISTORY

On January 10, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") alleging that she was unable to work as of February 1, 2007. (Tr. 13, 123). Plaintiff alleged disability resulting from chronic back pain, double vision, cataracts, and diabetes. (Tr. 139). Since Plaintiff had no treating medical provider, Defendant ordered a consultative examination. Dr. Eugene Reynolds examined Plaintiff on February 4, 2012. (Tr. 214-18).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on March 17, 2014. (Tr. 19-38).

On May 15, 2014, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 13-18). The ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date and her date last insured. (Tr. 15). The ALJ also found that Plaintiff suffered from a "vision impairment and degenerative joint disease," id., which were severe impairments within the meaning of the regulations but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 15-16).

The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform medium work,[3] with an exception for work requiring fine vision. Id.

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]20 C.F.R. 404.1567 (c) provides: "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."

At step four, the ALJ found that Plaintiff could still perform her past relevant work as a packer. (Tr. 18, 32-33). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 20).

Plaintiff filed a timely Request for Review by the Appeals Council. On July 6, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-4).

Plaintiff filed the present action on September 4, 2015. She assigns error to the ALJ's formulation of her RFC, specifically his evaluation of Dr. Reynolds' opinion. See Plaintiff's "… Memorandum in Support ..." at 4-7 (document #9). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. **DISCUSSION OF CLAIM**

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes at any time prior to her date last insured of December 31, 2011. It is not enough for a claimant to show that she suffered from severe medical conditions or impairments which later became disabling. The subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

"manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

On February 4, 2012, Dr. Reynolds performed a comprehensive evaluation at the Agency's request. He noted that Plaintiff complained of constant back and knee pain, neck stiffness and "[o]bjectively, the patient with restrictive range of motion of the thoracolumbar spine, pain with range of motion testing of multiple joint areas…abnormal gait which is antalgic and propulsive…"

(Tr 217). He also found she had "only 4/5 in the lower extremities" on strength testing and that "[s]he does have paravertebral muscle spasms in the cervical spine, tenderness of the cervical spine and lumbosacral spine, left hip and of the knees bilaterally, crepitus of the shoulders bilaterally." Id. He diagnosed her with degenerative joint disease, arthritis of multiple joint areas with likely arthritis of the spine, and a questionable component of degenerative disc disease as well as visual problems. Id. He opined that her prognosis was poor with the possibility of some vision recovery in the future. Dr. Reynolds recommended x-rays of the cervical, thoracic and lumbosacral spine as well as the knees bilaterally. (Tr 218). He further opined that Plaintiff was "restricted from climbing, stooping, crouching, crawling, bending, pushing and pulling" and that "I would not expect her to lift more than 5 to 10 pounds due to her pain and not expect her to stand for more than an hour due to pain or sitting for more than a few hours." (Tr 217-18).

The ALJ acknowledged that if fully credited, these limitations would result in a finding of disability. (Tr.17). However, he concluded that:

> I give substantial weight to the findings of consultative physician Dr. Reynolds. He had the opportunity to examine the claimant, review her medical records, and submit a detailed summary of clinical observations and opinions made during the assessment. However, I give little weight to the assessment that the claimant could not lift more than 5 to 10 pounds, could not stand for more than an hour and could not sit for more than a few hours. These findings are unsupported by the objective record and are inconsistent with her medical history.

(Tr 17-18) (emphasis added).

Other than noting that Plaintiff had sought no other treatment for her back and joint pain, the ALJ cited to nothing in the record that supports his treatment of Dr. Reynolds' opinion. Dr. Reynolds was the only doctor to evaluate Plaintiff's back and knee pain. His opinion is supported by his examination which provided objective evidence of orthopedic pathologies including limited

6

range of motion, tenderness of the spine, visible spasms of the muscles around the spine, crepitus of the shoulders, painful position changes, weakness of the legs, poor posture and painful and abnormal gait. (Tr 216-17). The only other medical records are a diabetes blood sugar and monofilament foot check from January 2010 (Tr 198-200) and an ophthalmology exam from September 2011 where her double vision was assessed. (Tr 210-12).

In her brief, the Defendant argues that Dr. Dorothy Lister, a state agency medical consultant, concurred with the ALJ's assessment. However, the ALJ made no mention of Dr. Lister or her report. Defendant also argues that Plaintiff's activities of daily living are inconsistent with the restrictions Dr. Reynolds found, but again, the ALJ made no mention of Plaintiff's daily activities.

The undersigned finds that the ALJ's decision "frustrates meaningful review" and accordingly that remand is required. Mascio, 780 F.3d at 636 (4th Cir. 2015) ("remand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review") (quoting Cichocki, 729 F.3d at 177). See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #8) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #10) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence

Four of 42 U.S.C. § 405(g).[5]

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Frank D. Whitney.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: March 7, 2016

David S. Cayer
United States Magistrate Judge

---

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 625 (1990).